DOCKETED

NOV  9 2006

RECEIVED

NOV 0 7 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN L. MOORE,                          )
                                         )
        Plaintiff/Petitoner,             )
                                         )
                                         )
  -VS-                                   )        Case No. _____
                                         )
THOMAS MONAHAN, DARRELL SANDERS,         )        CIVIL RIGHTS COMPLAINT
TARRY WILLIAMS, BERNARD M. AKPAN,        )        Pursuant to 42, U.S.C. §1983
JACK GRAHAM, LESLIE HOGAN,               )        (State Detained Person)
SHAWNDO CLEVELAND, TONY HUMPHREY,        )
TIMOTHY BURNETTE, STEVE STROCK,          )
TAMMY CHASTEEN, N. THOMPSON,             )        **06CV6088**
LEA CHANKIN, SHAN JUMPER,                )
LIBERTY HEALTH CARE CORP.,               )        **JUDGE ST EVE**
CAROL VANCE, AND VARIOUS OTHER           )        **MAG. JUDGE BROWN**
DEFENDANT(S) THAT WILL NAMED             )
UPON THE DISCOVERY OF THEIR              )
IDENTITIES,                              )
                                         )
        Defendant/Respondent(s).         )
                                         )

CIVIL RIGHTS COMPLAINT
WITH A JURY DEMAND

This is a §1983 action filed by **Allen L. Moore,** a state detained
person, alleging violation of his Constitutional Rights and he is
seeking money damages, declaratory judgment, and **INJUNCTIVE RELIEF.**
The plaintiff request a trial by jury.

I. JURISDICTION

A.   The jurisdiction of this Court is envoked pursuant to 28, U.S.C.
§1331 as this action arises under the Constitution and Laws of the
United States, and pursuant to 28, U.S.C. §1343 (a)(3) as this action
seeks redress for **Civil Rights Violation** under 42, U.S.C. §1983.

B.   Plaintiff's mailing address and/or registered number and place
of confindment: Allen L. Moore, registered number #:864976, Illinois
Department of Human Services, Treatment and Detention Facility, Rural
Rout #:1, P.O. Box #: 6-A, Rushville, Illinois 62681.

C. Defendant _____ **THOMAS MONAHAN** _____ is employed as
                    (Name of First Defendant)

_____ **DIRECTOR OF TREATMENT AND DETENTION FACILITY** _____
                    (Position/Title)

**DEPT.,OF HUMAN SERVICES,100 S. GRAND AVE., E. 3rd FLR.,SPRINGFIELD, Ill**
                    (Employers Name And Address)

D. At the time the claim(s) alleged in this complaint arose, was
   the defendant(s) employed by the state, local or federal government?

                    **Yes (XX)**              **No (  )**

   If your answer is "yes", briefly explain:

   At all times relavent to the claims alleged in this complaint,
   the defendant as anmed in paragraph **(C)** was and remains the Direct-
   of the Treatment and detention Facility, which is a state of Illin-
   ois Facility within the Illinois Department of Human Services and
   thereby duly organized under and by virtue of the laws of the state
   of Illinois. this Defendant is hereby being sued in his individual
   and his personal capacity.

E. Defendant _____ **DARRELL SANDERS** _____ is employed as
                    (Name of Second Defendant)

_____ **DIRECTOR OF SECURITY AT THE TREATMENT AND DETENTION FACILITY** _____
                    (Position/Title)

**DEPT.,OF HUMAN SERVICES,100 S. GRAND AVE.E,3rd FLR.,SPRINGFIELD, Ill.**
                    (Employers Name And Address)

F. At the time the claim(s) alleged in this complaint arose, was the
   defendant employed by the state, local or federal government?

                    **Yes (XX)**              **No (  )**

   If your answer is "yes", briefly explain:

   At all times relavent to the claims alleged in this complaint, the
   defendant as named in paragraph **(E)** was and remains the Director
   of Security at the Treatment and Detention facility, a facility
   with the Illinois Department of Human Services, thereby being
   duly organized under and by virtue of the laws of the state of
   Illinois. this Defendant is hereby being sued in his individual
   and his personal capacity.

G. Using the outline of the form provided. Include the above infor-
mation for any additional defendants'

H. The below named defendant(s) at all times relavent to the claims
that are alleged in this complaint, were all employed at the Treat-
ment And Detention Facility, a state of Illinois facility, within
the Illinois department of Human Services, thus being duly organized
under and by virtue of the laws of the state of Illinois. The said
facility at the time the claims alleged herein arose, was then
located at the address of 401 Woodruff road, Joliet, Illinois, re-
cently this said facility has relocated to the present address, whi
ch is now Rural Rout #:1, P.O. Box #:6-A, Rushville, Illinois 62681.
These named defendants' are hereby being sued in their individual
and personal capacity.

1. **TARRY WILLIAMS**, at all times relavent to the claims that are alleged
in this complaint was and remains an Executive II, with rank and
title of Captian at the relocated Treatment and Detention Facility.
he is hereby being sued in his individual and his personal capacity.

2. **BERNARD M. AKPAN**, at all times relavent to the claims that are
aleeged in this complaint, was an Executive II, with the rank and
titled of Captain, this defendant no longer holds that position at
the Treatment And detention Facility, because he did not relocate
to the Rushville, Illinois Facility. He is hereby being sued in his
individual and his personal capacity.

3. **JACK GRAHAM**, at all times relavent to the claims that are alleged
in this complaint was an Executive II, with the rank and title of
Captian, he has recently terminated his employment with the this
said facility, he is hereby being sued in his individual and his
personal capacity.

4. **LESLIE HOGAN**, at alltimes relavent to the claims that are alleged
in this complaint was a Security therapist Aid II ("STA") with
the rank and title of Sergeant. Heis hereby being sued in his in-
dividual and his personal capacity.

5.   **SHAWNDO CLEVELAND**, at all times relevent to the claims alleged in this complaint was a Security Therapist Aid with no rank and title other than what is said here. He is hereby being sued in his individual and his personalcapacity. He is no longer employed by the Department of Human services.

6.   **TONY HUMPHREY**, at all times relevent to the claims alleged in this complaint was a Security Therapist Aid ("S.T.A.") with the rank and title of (S.T.A.) II sergeant), he is no longer employed by the department of Human Services, because of felony arrest. he is hereby being sued in his individual and his personal capacity.

7.   **TIMMOTHY BURNETTE**, at all times relevent to the claims alleged in this complaint, was a Security therapist Aid ("STA") with no other rank and title as stated, this defendant no longer works for the Treatment And Detention Facility. He is hereby being sued in his individual and his personal capacity.

8.   **STEVE STROCK**, at all times relevent to the claims alleged in this complaint, was an Executive IV with the rank and title of Major, he no longer works in the employment of the Treatment and Detention facility, located in Rushville, Illinois. this defendant is hereby being sued in his individual and his personal capacity.

9    **TAMMY CHASTEEN**, at all times relevent to the the claims alleged in this complaint, was a Security therapist Aid ("STA") with no other title or rank as stated, she is no longer employed at the Treatment And Detention Facility located at Rushville, Illinois. this Defendant is hereby being sued in her individual and her personal capacity.

10.  **NATHANIEL THOMPSON**, at all times relevent to the claims alleged in this complaint, was a Security therapist Aid ("STA") with the rank and title of sergeant, he no longer works in the employment of the Treatment and Detention Facility, located in Rushville, Illinois. This defendant is hereby being sued in his individual and his personal capacity.

I.   The below named defendants' including the liberty Health Care Cor-
     poration, is employed as private contractors, in the employment of
     the Illinois Department of Human Services, which is a state of
     Illinois agency, duly organized under and by virtue of the laws of
     the state of Illinois. **Liberty Health Care Corporation** and it's
     individual named employee's, **LEA CHANKIN**, **SHAN JUMPER**, **GRIPSHOVER**,
     are all hereby being sued in there individual and there personal
     capacity. Their employers name and address is Illinois Department
     of Human Services, 100 S. Grand ave., E., 3rd floor, Springfield,
     Illinois.

J.   The below named defendant is employed by the Addus health Care Inc.
     who in turn is employed by the Illinois Department of Human servic-
     es, at it's Treatment And Detention Facility, which is located at
     the address of Rural Rout #:1, P.O. Box #:6-A, Rushville, Illinois.
     Defendant Carol Vance in this action is hereby being sued in her
     individual and her personal capacity.

## II. PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal Court relat-
     ing to your confindment and/or your detention? **Yes ( )   No (XX)**

B.   If your answer to "A" is "yes", describe the lawsuits in the space
     below. (If there is more than (1) lawsuit, you must describe the
     additional lawsuits on an additional sheet of paper, using the
     same outline.) Failure to comply with this provision may result in
     the summary dismissial of your complaint.

1.   **PARTIES TO PREVIOUS LAWSUITS**

     [there has been no previous lawsuits filed]

## III. GRIEVANCE PROCEDURE

A.   Is there a grievance procedure in the institution?
             Yes ( )              No (XX)

**B.** Did you present the facts relating to your complaint in the institutional grievance procedure

                    **Yes ( )         No (XX)**

**C.** Attach copies of your request for administrative remedy and the response that you recieved. If you can not so so explain why not. The issues presented in this complaint are issues that are none grievable, as plaintiff cliams alleges unprovoked accessive force while he was a pre-trial detained person in violation of his United States Fourteenth Amendment Constitutional Rights.

### IV. <u>STATEMENT OF CLAIMS</u>

the facts necessary to an understanding of the issues that are presented by this civil complaint are set fourth as follows:

### <u>COUNT I.</u>

**A.** Plaintiff, Allen L. Moore, aver that on/or about the date of July 12, 2005., he was a pre-trial detained person, being detained under and by virtue of Illinois Sexually Violent Persons Act, **725 ILCS 207/1 (Hereinafter the "Act")**. Plaintiff aver from July 12, 2005., until the date of December 19, 2005., he remained as in accordance with the Sexually Violent Persons Act, a pre-trial detained person, On the date of December 19, 2005., at approximately 2:35 p.m. that day, the defend-ant Jack Graham, came to plaintiff and told him the cell assignment committee had re-assigned him from his present cell location which at the time relavent, was cell number 3-12 A wing to cell number 3-13 B-wing with a fellow detained person name Vincent Limpscomb, Plaintiff aver that he stated to the defendant Graham that he did not want to move in the cell with Limpscomb, because Limpscomb out weight him by (80) pounds and that he knew that they could not get along, plaintiff aver that he told defendant Graham, that he would move, but that he was not going to move into the cell with just anyone, Plaintiff aver that defendant graham then told him, "you have no option in this, eith-er you move in with Limpscomb or I will have to place you on secure lock

down. plaintiff aver that he he did not argue at all with this defend-
ant, plaintiff in fact asked this defendant could he get some ice for
his drinking cup and promission was given by this defendant to get ice,
after plaintiff had gotten the ice for his cup he then walked freely
to his cell location, with the defendant Jack Graham and a Secuirty
therapist aid named Felicia Sanders walking as escort behind him, and
when plaintiff arrived at his cell location he freely entered his cell
without any type of incedents.

B.   Plaintiff aver on this same date of December 19, 2005.,
very shortly after he'd entered his cell, without any incedent as it
is described above, the defendant Jack Graham and the defendant Tarry
Williams came to plaintiff cell and told the plaintiff that they were
there to confiscate all of his personal property from him, plaintiff
aver that he asked these two defendant why, for what reason do want
to take my personal property. Plaintiff aver that defendant Tarry
Williams replied to him, "if you won't move into the cell with
Vincent Limpscomb, then we are going to move your personal property
there with or without you. Plaintiff aver that he then asked the def-
endant Tarry Williams was he going to give him a receipt for his
personal property, and defendant Williams relpied "no", plaintiff then
stated defendant Williams that he wold like to see a clinical thera-
pist, defendant Tarry Williams replied "you can't", plaintiff then
plaintiff then stated to Defendant Tarry Williams and Jack Graham,
that he was going to give them his personal property for them to move
his property in the cell with a person that he knew nothing about,
and let that person have access to his family photographs his legal
documents and other personal addresses and things, plaintiff stated
to these two defendants that they would get his personal property if
he was given an inventory list and receipt of his personal property,
but he would not give his personal property up to them for them to
give to another resident or detained person in the facility, plaintiff
aver that defendant Williams then stated to plaintiff you are going
to give up your propperty or we will take it by force.

C.   Plaintiff aver that on the same date of December 19, 2005., at approximately 3: p.m., Defendants Tarry Williams, Jack Graham, Bernard M. Akpan, Leslie Hogan, Shawndo Cleveland, Tony Humphrey, Timothy Burnette came to plaintiff's cell, Defendants Graham, Cleveland,Hogan, and Humphrey was waring hard head helmets,and roiut gear, plaintiff aver that the defendant Tarry Williams and Bernard Akpan issued the orders for the defendants Graham, Hogan, Cleveland and Humphrey to enter and extract plaintiff, plaintiff aver that the named defendants upon the orders charged into plaintiff's cell and all of them began to beat physically on the plaintiff, the defendant Burnette held a vidio cam-recorder and he recorded the physical attack brought onto the plaintiff by the named defendant's herein. plaintiff aver that he was punched and kicked multiple times while he was still inside of his cell by the named defendant's and then he was draged out onto the walk way and then draged down the walk, and/or gallery from his cell, all during this time defendants continued to inflict injury to plaintiff, the incidents of physical assault that occurred outside of plaintiff's cell was recorded by the A-wing monitor cameras.

D.   Plaintiff aver that the defendants' Thomas Monahan and Darrell Sanders, was aware of this attacke because they initially approved it and/ordered it, plaintiff aver that the institutional policy in regard to resident and detaine persons cell changes, was that no one would be force to cell with a person that they could not get along with, but in fact if a person as the plaintiff refuse to move with some one he has said he could not get along with just as the plaintiff was himself,that person would be locked in his assigned cell and stripped of his personal property, his personal property just as the plaintiff's personal property,would then be taken to the cell inwhich the plaintiff was to be moved to, and the property would then be left in the care and custody of the very person that plaintiff had said he could not get along with, this was the purpose of defendants extracting the plaintiff from his his cell and bruttally atttcking him. Plaintiff aver that the defendant Thomas Monhan,

Darrell Sanders, Tarry Williams, Shan Jumper, Lea Chankin and the
Liberty Health Care Corporation, approved and condoned this policy
and practice, and in this instant case plaintiff refused to give up
his personal propperty to the defendants' for their purpose of pla-
cing his porperty in the cell with Vincent Limpscomb whom plaintiff
did not get along with, and because plaintiff refused to give up all
of his personal property including addresses of his family, and legal
documents, family photographs, all of his electronic items, plaintiff
aver that the defendants refused to provide him with any type of
written receipt for his property and they made it very plain that
to him that his personal property was going to be placed in the cell
with Vincent Limpscomb and left there until plaintiff voluntarily
move to that location, and for that reason plaintiff refused to give
the defendants his personal property and as a direct and proximate
result of this the plaintiff brutally physically assault by the
defendants. Plaintiff aver that as a direct and proximate result he
suffered physical injury to his head and his back, he has and is
still being treated for his back, he has blood in his urin when he
urinates.

**COUNT II.**

A.   Plaintiff aver that after he was assaulted by the defendants
as named in count I., of this complaint he was denied medical care
for his injuries, plaintiff aver that the defendant Tammy Chasteen
who acting as a releif officer for the Security Therapist Aid who
was assigned to the A and B wing control center when plaintiff asked
could he see a medical doctor or some one from the hospital care
unit this defendant at this time refused and told plaintiff at this
time, "you look fine to me," plaintiff aver that a short time after
this he became very dizzy and fell onto the floor of the observation
cell that plaintiff had been place in after he'd been extracted from
his assigned cell, defendant Chasteen at this point made a call to
medical, health care unit, but in calling this defendant stated,"re-
sident Moore has just fell in cell, I think that he's faking it,"

some time later, the defendants Tarry Williams, Bernard Akpan, and
N. Thompson alone with the nurse came to the observation cell where
plaintiff was then locked up in, plaintiff aver that defendants
Williams and Akpan told plaintiff to get up so that he could be hand-
cuff threw his cell door, plaintiff aver that he was at this time in
extreme pain and he at this time could not get up off the floor and
told this to the defendants, defendant Tarry Williams response was if
you don't get up we can't handcuff you and the nurse won't be able
to examen you, the nurse whom plaintiff at this time dose not know by
name, but dose know her by sight, stated, to Tarry Williams if he's
hurt then he can't get up, and I need to examen him, this incident
was witness by the defendant N. Thompson who is a Securty therapist
Aid II which is the rank of sergeant, other employee staff and resi-
dents witness as well, plaintiff aver that the nurse at this point had
to argue with the defendants, Williams and Akpan to treat and examen
the plaintiff, plaintiff at this time was bleeding profusely from a
deep cut into his head, and there was a large knott on the plaintiff's
head, plaintiff aver that when the nurse was fanilly allowed to enter
the observation cell to examen plaintiff, she then asked the defendant
Williams and Akpan to let her examen plaintiff in the hospital care
unit because plaintiff was bleeding and that she needed to treat plai-
ntiff for this and what other injuries that plaintiff might have.
plaintiff was then taken to hospital care unit where the bandaged his
cut in his head, plaintiff aver that he was later some days afterward
seen by a medical doctor and given pain medication for his back, and
scheduled for X-rays by this doctor who was not the resident physici-
an or primary care giver at the Treatment and Detention Facility.

## Count III.

A.   Plaintiff aver that defendant Tarry Williams, too prevent the
plaintiff from civil litigating against him, gave orders that no
one was allowed to talk to plaintiff, refuse to allow plaintiff to
call his family or his attorney, and made fraudulent charges against
plaintiff to have plaintiff's parole violated, so that plaintiff,
would be out of the facility, back in prison, and would not have any

chance of being seen by his attorney or the court inwhich his civil
commitment case was assigned to, defendants took steps to prevent
plaintiff from litigating this action when it initially occurred by
fraudulently reporting claims that subsequently lead to the violation
of the plaintiff's parole. (See attached hereto and in support there-
of exhibits marked A-1, A-2, A-3, see also exhibt B-1 regarding the
medical treatment plaintiff was given for his injuries. Plaintiff
aver that defendants Monahan, Sanders, and Williams had by their
orders the plaintiff brutally and viciously physically attack,
plaintiff was secured and locked in his cell he had walk to his cell
and was locked in his cell without any attempt to refuse, he was not
acting suicidal and was not acting in any that would indicate he was
about to hurt himself or anyone else, defendant entered the plaint-
iff's cell with the single reason to take the plaintiff personal
property and give to another resident. Plaintiff aver that on the
date of October 4, 2006., and as a direct and proximate result of the
defendant's policy and practises of taken personal property as a
means to punish, without providing written receipts for person, plaint-
iff has lost family photographs and legal documents that are irr-
eplaceable, plliantiff aver that the documents are documents regarding
plaintiff conviction inwhich was intended to be used in his defense
in his inticipated trial under the (SVP "Act"), plaintiff aver that
the defendants to this date has not returned these said documents to
plaintiff.

## COUT IV.

A.    Plaintiff aver that the defendants' Thomas Monahan, Darrell
Sanders, Shan Jumper, Lea Chankin, Carol Vance, and the Liberty Health
Care Corporation, used cell assignment as punishment against people
who are pre-trial detained persons as a means to punish for the purpo-
se of pressuring pre-trial detained persons into consenting to Treat-
ment, that the Defendants Shan Jumper and Lea Chankin are directly
employed by the liberty health care corp., and as agents for their
company and the financial gain for their company, these defendant who
are assigned as the cell change committee, purposefully subjected
pre-trail detained persons to living conditions amounting to animal
like living conditions, plaintiff aver that he was housed in a cell

that was roach infested year-round and in summer months plaintiff
cell assignment was plagued with wasp spiders and bee's, that the
water plaintiff had in cell to drink was foul and contained pollu-
tants that was potentially poisonous to drink, and plaintiff was
given no other water to drink but that water, that the defendants'
Carol Vance who was the facility Hospital Administrator and a mem-
ber of the facility cell assignment committee with defendant Lea
Chankin and Shan Jumper all knew that the water that the plaintiff
had to drink was as stated described and complained of herein, that
the plaintiff was assigned to a very small cell, that contained a
double steel bunk, toilet, sink, with no chair or table, that the
cell was inadequately heated in the winter months, and extremely
hot in the summer months, and that the defendants' as named herein
who were acting with malicious intent reassigned the plaintiff to
a cell location that would have been worse than conditions that is
described herein, by forcing plaintiff to cell in cell with the
very same living conditions as described only different because of
having to cell with a person that out weighed the plaintiff by (80)
pounds and a person that plaintiff had enformed them that he could
not get-along with, defendant's maliciously intented to cause the
plaintiff more hardship than that what is described and complained
of herein, and when plaintiff refused, defendants' confiscated the
plaintiff's personal property and moved this property into the cell
with the very person that the plaintiff had inform the defendants'
that he plaintiff could not get along with and as a direct and
proximate result of their action plaintiff fraudulently sent back
to prison and plaintiff have lost because they have not been return-
ed as of this day of October 23, 2006., legal documents and family
photographs, and defendants' deliberatly took steps to prevent the
plaintiff from litigating against them by refusing to provide the
plaintiff with a written receipt for the personal property that th-
ey confiscated from plaintiff, and falsified reports to have the
plaintiff's parole violated and thereby sent back to prison under
fraudulent means. The defendant Steve Strock is also a member of the
cell assignment committee.

## V. RELIEF

A. Issue a declaratory judgment stating that:

1. The physical abuse of the plaintiff by defendants' Tarry Williams,
   Bernard Akpan, Jack Graham, Leslie Hogan, Shawndo Cleveland, and
   Tony Humphrey, violated the plaintiff's Rights protected by the
   14th., Amendment of the United States Constitution, Due Process
   Clause, and the 8th., Amendment of the United States Constitution
   prohibition against Cruel and unusual punishment, and constituted
   an assault and batterey under state law and thus a violation of
   Illinois State constitution.

2. Defendants' Thomas Monahan and Darrell Sanders Failure to take
   actions to curb the physical abuse of plaintiff, when they had
   direct knowledge of the abuse before and after, violated the
   plaintiff's 14th., Amendment Constitutional Rights to Due Process
   of Law, and the plaintiff's 8th., Amendment United states Const-
   itutional Rights which prohibits cruel and unusual punishment and
   Illinois State Constitutional Rights of same.

3. The physical abuse of plaintiff who was locked up and secured in
   cell and posed no threat to himself or to anyone else,soley for
   the purpose of confiscating plaintiff's personal property to
   place in the cell with a person plaintiff had stated he could
   not get along with, violated the plaintiff's 14th., Amendment
   United States Constitutional Rights to Due Process of Law where
   there exist no rule regulation that allowed the defendants to
   confiscate the plaintiff's personal property for the purpose so
   stated constituted an assualt and aggravated battery under
   Illinois state law.

4. Defendants' actions in failing to provide adequate medical
   care for the plaintiff violated and continue to violate, the
   plaintiff's under the 8th., Amendment to the United States
   Constitution, which is incorporated within the 14th., Amendment
   Due Process Clause.

B. Issue an injunction ordering defendants and there agents acting in their behalf:

1. Immediately arrange for the plaintiff to be examined, by a qualified nuerologist physician.

2. Immediately arrange for the plaintiff to be evaluated by a medical practitioner with the expertise in treatment and the restoration of back and neck injury.

3. Carry out without delay the treatment directed by such medical practioner.

C. Issue an injunction ordering the defendant Thomas Monahan or his agents acting in his behalf:

1. Expunge the disciplinary and/or behavior reports discribed in this complaint from the plaintiff institutional record.

D. Award compensatory damages in the following amounts:

1. $200.000 jointly and severally against defendants Tarry Williams, Bernard Akpan, Jack Graham, Leslie Hogan, Tony Humphrey for the physical and emotional injuries sustained as a result of the plaintiff's beating, this include Shawndo Cleveland.

2. $1.00 against the defendant Timothy Burnette for the vidio taping of the Plaintiff's beating.

3. $200.000 jointly and severaly against the defendants Thomas Monahan and Darrell Sanders for their authorization of the plaintiff's beating and the unlawful confiscation of the plaint-iff's personal property consisting of legal documents.

4. $10.000 Jointly and severely against defendants Tammy Chasteen, and Carol Vance for the denial of adequate medical care.

5. $200.000 jointly and severely against the defendants Shan Jumper, Lea Chankin, Steve Strock, Carol Vance, and Liberty Health Care

Corporation for their use and peticipation as members of the cell assignment Committee and the actions of these named defendants as described in this complaint.

E. Award punitive damages in the following amounts:

1. $20.000 each against defendants Monahan, Sanders, Williams, Akpan, Graham, Hogan, Cleveland,and Humphrey for the beating and confiscation of the plaintiff's personal property.

2. $5.000 each against defendants Carol Vance, Tammy Chasteen, for the deniel of adequate medical Care.

3. $20.000 each against the defendants Shan Jumper, Lea Chankin, Steve Strock, for the their peticipation as members of the cell assignment committee and their use of said committee as punishment, this include the Liberty Health Care Corporation as the above named acted as agents for Liberty.

F. Grant such other relief as it may appear that plaintiff is entitled.

[Date]  *11-1-06*

Respectfully submitted by:

*Allen L. Moore*
Allen L. Moore, Pro-se Litigant
Treatment And Detention Facility
RR 1, P.O. Box 6-A
Horney Branch & County Farm Rd.
Rushville, IL 62681

SUBSCRIBED AND SWORN TO BEFOR ME

This_____day of_____,2006

_____

This procedure has been self
notarized under the penalty of
perjury in accordance with Title
28 U.S.C. 1746: 1621. This *11*
day of *November*, 2006. With
my right finger thumb print I
hereby mark as my signature



PAGE -15- OF -15-

ATTACHED EXHIBITS IN SUPPORT THEREOF

Exhibit A-1

## STATE OF ILLINOIS

TO:    **PRISONER REVIEW BOARD**

BOARD ACTION:    ☒ Mandatory Supervised Release Approved Effective When Eligible.

☐ Released Prior to Hearing.

Date: _5-5-05_    ☐ Statutory Parole Approved.

YOU ARE OBLIGATED TO THE GENERAL RULES GOVERNING PAROLEES OR MANDATORY SUPERVISED RELEASEES AND THE FOLLOWING SPECIAL ORDER(S).

### CONDITIONS:

1. ☒ Participate in a Drug Abuse Program

2. ☒ Participate in an Alcohol Abuse Program

3. ☒ Participate in Sex Offender Counseling

4. ☒ Submit yourself to outpatient care as prescribed by a Mental Health Clinic

5. ☒ Close Supervision. Report to an agent of the Department of Corrections for supervision and permit the agent to visit you at your home or elsewhere as he directs.

6. ☒ Electronic Detention

7. ☐ Issue Certificate of Relief from Disability

8. ☒ Other _____

    _____

### FOR THE BOARD:

_____

_____

_____

-----------------------------------------------------------------------------------------

Clinical Services Recommendation for Release:

☐ No Special Recommendation

☒ Recommend _Assessment #1 & #2. Submit to electronic detention, Rule #5 and sex offender or other counseling deemed appropriate. No victim contact._ be a part of the Release Agreement.

COMMENTS: (Attach PCR if desired) _Parole Violator with new sentence. Property offense. Past offense of serious nature. Current GED student. History of nonspecific substance use. Recovery unit participant. Required to register as sex offender._

ILLINOIS DEPARTMENT OF CORRECTIONS

PRISONER REVIEW BOARD

# Parole or Mandatory Supervised Release Agreement

Name: _Moore_ (Last Name) _Allen_ (First Name) MI _B26374_ (ID Number)

This document constitutes an agreement governing persons who have been granted parole by the Illinois Prisoner Review Board or otherwise released under supervision, and defines the terms by which the undersigned is conditionally released from confinement. The rules of conduct follow. If such rules are violated, parole or mandatory supervised release may be revoked under the rules and regulations promulgated by the Prisoner Review Board or other releasing authority.

## Rules of Conduct Governing Parolees or Mandatory Supervised Releasees

Until final discharge, you shall at all times be under the legal custody of the Department of Corrections, subject to being retaken at any time, with the establishment of probable cause and the lodging of a warrant, within the enclosure of an Illinois State correctional center. You are obligated to comply with all rules, regulations, orders, and subsequent amendments thereto of the Prisoner Review Board and of the Department of Corrections. If paroled or released out of the State, obedience of the rules of both states is required.

1. You shall not violate any criminal statute of any jurisdiction during the parole or release term;

2. You shall refrain from possessing a firearm or other dangerous weapon;

3. You shall report to an agent of the Department of Corrections;

4. You shall permit the agent to visit you at your home, employment, or elsewhere to the extent necessary for the agent to discharge his or her duties;

5. You shall attend or reside in a facility established for the instruction or residence of persons on parole or mandatory supervised release as may be directed;

6. You shall secure permission before visiting or writing a committed person in an Illinois Department of Corrections facility;

7. You shall report all arrests to an agent of the Department of Corrections as soon as permitted by the arresting authority but in no event later than 24 hours after release from custody;

8. You shall obtain permission of the Department of Corrections before leaving the State of Illinois;

9. You shall obtain the permission of an agent of the Department of Corrections before changing your residence or employment;

10. You shall consent to a search of your person, property, or residence under your control;

11. You shall refrain from the use or possession of narcotics or other controlled substances in any form, or both, or any paraphernalia related to those substances and submit to a urinalysis test as instructed by a parole agent or the Department of Corrections;

12. You shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

13. You shall not knowingly associate with other persons on parole or mandatory supervised release without the prior written permission of your parole agent and shall not knowingly associate with persons who are members of an organized gang as that term is identified in the Illinois Street Gang Terrorism Omnibus Prevention Act;

14. You shall provide true and accurate information, as it relates to your adjustment in the community while on parole or mandatory supervised release or to your conduct while incarcerated, in response to inquiries by your parole agent or the Department of Corrections;

15. You shall follow any specific instructions provided by a parole agent that are consistent with furthering the conditions set and approved by the Prisoner Review Board or by law, exclusive of placement on electronic detention, to achieve the goals and objectives of your parole or mandatory supervised release, or to protect the public. These instructions by the parole agent may be modified at any time as the agent deems appropriate; and

16. You shall also comply with any additional conditions the Prisoner Review Board has or may set as a condition of your parole or mandatory supervised release including, but not limited to: 1. *Serious participate in substance abuse program.* 2. *Alcohol abuse counseling* 3. Participate in Sex Offender Counseling 6. Electronic Detention 7. No Victim Contact 4. *Submit yourself to out patient care as prescribed by Mental Health clinic.* 5. Close Supervision. Report to an agent of the Department of Corrections for supervision and permit the agent

to visit you at your home or elsewhere as he directs.

I, _Allen Moore_ (Print Name), committed to and/or under the custody of the Illinois

Department of Corrections, do hereby acknowledge that I have carefully read, or have had read to me, and do clearly understand the contents and conditions of the above rules governing the conduct of parolees and mandatory supervised releasees and any Prisoner

12/7

ILLINOIS DEPARTMENT OF CORRECTIONS

# Parole Violation Report

*Exhibit A1* C304

Moore, Allen
<br>_Offender's Name_

B26374
<br>_ID#_

## Section B: Notice of Charges of Alleged Parole or Mandatory Supervised Release Violations

You are hereby notified that, as detailed on this form, you are charged with having committed the following violations of your conditions of Parole or Mandatory Supervised Release Agreement:

☐   1. Violation of any criminal statute.

☐   2. Possession of a firearm or other dangerous weapon.

☐   3. Failure to report to your agent.

☐   4. Failure to permit the agent to visit at home, employment, or elsewhere as determined necessary.

☒   5. Failure to attend or reside in a facility established for the instruction or residence of persons on parole or mandatory supervised release.

☐   6. Failure to secure permission before visiting or writing a committed person in a Department facility.

☐   7. Failure to report all arrests to an agent as soon as permitted by the arresting authority but in no event later than 24 hours after release from custody.

☐   8. Failure to obtain permission of your agent before leaving the State of Illinois.

☐   9. Failure to obtain permission of your agent before changing your residence or employment.

☒ 10. Failure to consent to search of your person, property, or residence under your control.

☐ 11. Use or possession of narcotics or other controlled substances in any form, or both, or any paraphernalia related to those substances, or failure to submit to a urinalysis test as instructed.

☐ 12. Frequenting places where controlled substances are illegally sold, used, distributed, or administered.

☐ 13. Knowingly associating with other persons on parole or mandatory supervised release without prior written permission of your agent or knowingly associating with persons who are members of an organized street gang.

☐ 14. Failure to provide true and accurate information, relating to your adjustment in the community while on parole or mandatory supervised release or to your conduct while incarcerated, in response to inquiries by your agent.

☐ 15. Failure to follow any specific instructions provided by your agent, specifically: _____

☒ 16. Failure to comply with the following additional conditions of release: <u>DHS Rules and Regulations for Sex Offender Annex.</u>

You are entitled to a Preliminary Parole/Mandatory Supervised Release Violation Hearing before a neutral Hearing Officer to determine whether or not probable cause exists that you did commit one or more of the violations checked above. You may appear and speak on your own behalf at this hearing and you may retain an attorney to represent you at the hearing. You may present evidence to rebut the charges and you may make a written request in advance of the hearing to present witnesses who can provide relevant information or to question adverse witnesses. If probable cause on any new criminal charge is determined by the court prior to the hearing date, you are not entitled to a preliminary hearing.

Your preliminary hearing is now scheduled to be held on: _____, 20_____ at _____ ☐ a.m. ☐ p.m.

at: _____

Note: If probable cause is found at the preliminary parole revocation hearing, you may request the hearing officer recommend to the Prisoner Review Board that the parole violation warrant be withdrawn pending a final parole revocation hearing.

As an alternative to the scheduled hearing, you may exercise one of the following options by initialing the appropriate box:

☐    A.   Postpone: I request that my preliminary hearing be postponed for up to 30 days from today's date to permit me to obtain an
<br>Initials        attorney, witnesses, or documents. I understand that it is my responsibility to present these individuals or materials at my hearing on:

_____, 20_____ at _____ ☐ a.m. ☐ p.m.

☒    B.   Waive (Illinois Offenders Only): I elect to waive my preliminary hearing with the understanding that I will be afforded a full revocation
<br>Initials        hearing before the Prisoner Review Board or Parole Board. This waiver does not indicate any admission of guilt to the above violations.

☐    C.   Waive (Adult Interstate Compact Only): I admit guilt and waive my preliminary hearing.
<br>Initials

I have received a copy of this Notice of Charges:

X _Allen L. Moore_           on 12.28.05
<br>       _Offender's Signature_                                _Date_

A copy of this notice was delivered to the alleged violator by:

_RATLIFF J_                               _C/O_
<br>    _Print Name_                                       _Title_

_Ratliff_                                  on 12.28.05
<br>       _Signature_                                      _Date_

Distribution: Offender; Releasing Authority; Offender's Case File;         Page 3                             DOC 0071 (Rev 12/2004)
<br>           Parent Field Services Representative; AMS;
<br>           Hearing Officer; If FOS, Interstate Compact       _Printed on Recycled Paper_



ILLINOIS DEPARTMENT OF CORRECTIONS
# Parole Violation Report

A-1

**Section A: Violation Details**

Offender: Moore, Allen _____ Alias: _____ ID#: B26374 _____

Parent Facility: Stateville C.C. _____ Date of Birth: 08/03/1976 _____

Program released to: Dept. of Human Services – Sex Offender _____ Level of Supervision: Level 1 _____

Gender: ☒ Male ☐ Female   Race: ☐ Caucasian ☒ African American ☐ Asian ☐ Hispanic ☐ Native American ☐ Other _____

FBI#: 355355WA0 _____ I.R.#: _____ CC.N#: _____

Release Date: 07/12/2005   Sentence Exp. Date: 07/12/2007   Annual Review Date (juvenile only): _____  Violation Date: 12/27/2005 __

Custody Facility: Sateville NRC _____ Custody Date: 12/27/2005 _____

Offense(s): Failure to Comply _____

IDOC Warrant #: JT-0516159 _____ Date Warrant Issued: 12/27/2005 _____

Description of the Alleged Violation (include date, time, place and description of the violation; description and method of weapons used; identify and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information):

On 12/19/05, while in the custody of the Department of Human Sevices at the Joliet Annex for Sex Offenders, Parolee
Moore was given a direct order to move out of his assigned room and into another room. According to Staff at the
Facility, Parolee refused several direct orders to do so. Parolee Moore continued to be non-compliant to orders given by
staff to relinquish his electronic equipment to staff, and staff entered his room to forcibly remove the items. Moore then
pushed a staff member and had to be forcibly subdued. Moore also attempted to defeat the lock on his cell by jamming it
with an unknown object and placed some type of slippery liquid on the floor in order to slow down staff who were
attempting to remove him from his cell. Moore refused to come out of his cell and relinquish his electronics and had to be
forcibly removed from his cell.

List all Arrests or Alleged Parole/Mandatory Supervised Release Violations and the date of occurence:
Unknown.

Community Adjustment: Unknown.

Agent's Institutional and Release Recommendation: Revoke Parole.

Attachments: ☐ Sanction Form   ☐ Police Report   ☒ Other (specify): DHS Memo detailing Parolee's Violation.

I hereby declare under the penalty of perjury that the foregoing description of alleged violations made by me in this violation report is true and correct to
the best of my knowledge and belief.

ILLINOIS DEPARTMENT OF CORRECTIONS
# Parole Violation Report

A-1

| Tim Christianson | F70 | | 12/27/2005 |
|---|---|---|---|
| Print Parole Agent's Name | No. | Parole Agent's Signature | Date |

**Supervisor Comments** (if any): _____

_____

_____

| Tim Christianson | F70 | | 12/27/2005 |
|---|---|---|---|
| Print Parole Supervisor's Name | No. | Supervisor's Signature | Date |

**Section B: Notice of Charges must be completed at the same time this section is completed**

Distribution: Offender; Releasing Authority; Offender's Case File;     Page 2     DOC 0071 (Rev 12/2004)
Parent Field Services Representative; AMS;
Hearing Officer, if POS, Interstate Compact     *Printed on Recycled Paper*

DOC#: B26374 MOORE, ALLEN L.              1 A H  MEN-SL-03-38        07/12/2005
                                     VIOLATION/RELEASE STATUS:  W
        HEARING DATE:        05  05  05        LAST UPDATED:  5  12  05
        HEARING TYPE:        DS   DETERMINATE SENTENCE
        HEARING RESULTS:     GM   GRANTED UPON MIN SERVED
        RECUSTODY/NEW SENTENCE DATE:          00   DAV AS OF:              00
        RESUME MSR WHEN PLANS ARE APPROVED:        RESUME MSR DATE:        00
        FOUND NOT TO BE A VIOLATOR:
NEXT HEARING TYPE:      NOT FOUND                   NEXT DOCK DTE:        0000
        SPECIAL ORDERS:
        CD    SUBSTANCE ABUSE PGM COND     CA    PARTICIPATE AA CONDTIONAL
        CX    SEX OFFENDER COUNSELING      CP    OUTPATIENT MNTL HLTH COND
        CV    CLOSE SUPERVISION COND       CE    ELECTRONIC DETENTION
NO Additional  CO    OTHER CONDITIONAL              NOT FOUND
Nditions for
DHS     OTHER INFORMATION:  SPEC ORDER #1,2,3,4,5,6 & 8 (NO VICTIM
                            CONTACT) MSR APPR EFF WHEN ELIGIBLE

NEXT KEY DATA: IDOC #: B26374
PF7: PAGE BACK   PF8: PAGE FWD
INQUIRY COMPLETE                              PAGING AVAILABLE

A-1

S.3-38

A-1

### STATE OF ILLINOIS
### PRISONER REVIEW BOARD

**Date** 02/23/2006

To the Warden—
The following order is your authority to release this individual on parole to the custody and supervision of the Office of Community Supervision, or continue to hold as indicated. If parole is ordered, said order is subject to being vacated prior to release to parole. Any release is contingent upon execution of Parole or Mandatory Supervised Release Agreement.

---

☐ Parole granted effective when

    ☐ Parole plans are approved
    ☐ Minimum is served
    ☐ Eligible

☐ Subject to regular conditions and

    ☐ Special Order No. _____

☐ Parole denied, continued to _____

☐ Hearing continued to _____

    ☐ Psychiatric Report requested
    ☐ For verification of parole plans
    ☐ At inmate's request

☐ Release date offer attached to and made a part of this Order

---

☐ Found not to be a violator

☑ Declared a violator as of

    12-27-2005      on

    ☐ Statutory Parole
    ☑ Mandatory Supervised Release
    ☑ Parole

☑ Parole or release revoked

    ☐ Continued to _____

☐ Parole or release continued

    ☐ Effective _____

    ☐ Effective when plans are approved

☐ Subject to Special Order No. _____

☐ Hearing continued to _____

    ☐ For further information
    ☐ For Court Disposition
    ☐ At inmate's request
    ☐ For Violation Report

---

**Violator Rationale**

The inmate named has violated parole or Mandatory Supervised Release because the inmate:

☐ Committed the criminal offense of _____

_____

_____

☐ Violated condition(s) _____

_____

_____

of the Parole or Release Agreement.

☑ Violated condition(s) _Rule #5, 16_

_____

_____

of your Special Order.

☐ Absconded.

☐ Failed to report or falsified report(s).

**Evidence Relied Upon**

☑ Counselor's Report

☐ Police Report

☐ Witnesses testimony

☐ Own admission

The Board finds that this evidence is sufficient because

_Subject failed to_
_comply with parole_
_rules the last_
_two placement_

_____

_____

_____

_____

_____

For The Board:

_[signature]_





**State of Illinois**
**Department of Human Services**
**Treatment and Detention Facility**

# HEALTH CARE REQUEST

Resident Name _Allen L. Moore_    Date _12/25/05_

Unit _ALPHA_    Room # _Observation Room_

Describe Health Care Problem _I received a lower back injury on 12/19/05._
_The doctor perscribed me 800 milligrams of Motrin 3 times a_
_day. Now I'm told by the nurse on midnights, while complaining_
_of dizziness and headaches, because of the eye injury, that_
_I will not receive anymore motrin for my back. And the nurse_
_gave me two motrin's for the headaches and dizziness on 12/24/05_
_at approx 11:45 pm. And stated to me, you will only have two_
_more dose's on 12/25/05, and thats all the Doctor perscribed_
_six days worth. What am I going to do for the back pain_

Resident Signature _Allen L. Moore_

### Do Not Write Below This Line

Date Received _____    Time Received _____

Resolution: _____

_____

_____

_____    Date Completed _____

HCU Staff Name (Signature and Print)

IL462-5400 (N-7-04)

Page 1 of 2



# HEALTH CARE REQUEST

Resident Name _Allen L. Moore_  Date _12/25/05_

Unit _ALPHA_  Room # _Observation Room_

Describe Health Care Problem _I received a lower back injury on 12/19/05. The doctor prescribed me 800 milligrams of Motrin 3 times a day. Now I'm told by the nurse on midnights, while complaining of dizziness and headaches, because of the eye injury; that I ~~the received anymore~~ on 12/19/05. That I will not receive any more Motrin for my back. The nurse gave me 2 Motrins for headaches and dizziness on 12/24/05 at approx 11:45 pm. And stated to me, you will only have two more doses on 12/25/05, and thats all the doctor prescribed 6 days worth._

Resident Signature _Allen L. Moore_

## Do Not Write Below This Line

Date Received _____  Time Received _____

Resolution _Seaby MD 12/26/05_

_____

Date Completed _____

HCU Staff Name (Signature and Print)



State of Illinois
Department of Human Services
Treatment and Detention Facility

# HEALTH CARE REQUEST

Resident Name _Allen L. Moore_                Date _12/25/05_

Unit _ALPHA_                Room # _OBSERVATION ROOM_

Describe Health Care Problem _ON 12/26/05 And as long as this TERRIBLE pain EXIST! THE NURSE STATED THAT I will get Tylenol FoR THE back pain AFTER 12/25/05. I've RECENTLY SENT OUT A REQUEST TO H.C.U. NOTIFYING THE DOCTOR THAT THE MOTRIN ARE NOW, NOT SEEMING TO GIVE ME MUCH RELIEF AS BEFORE. And I REQUESTED MUSCLE RELAXER'S OR A HEATING PAD. SO how ARE Tylenol going TO give ME RELIEF WHEN THE MOTRINS 800 milligrams WASN'T GIVING me much RELIEF? PLEASE PUT ME ON THE DOCTOR'S CALL LINE AT YOUR EARLIEST._

_Sincerely._

Resident Signature _Allen L. Moore_

### Do Not Write Below This Line

Date Received _____        Time Received _____

Resolution: _____

_____

_____

Date Completed _____

HCU Staff Name (Signature and Print)

_Page 2 of 2_

IL462-5400 (N-7-04)

Exh        A-2    A-2



# Illinois
## Department of
# Corrections

**Rod R. Biagojevich**
*Governor*

**ROGER E. WALKER JR.**
*Director*

Menard Correctional Center / P.O. Box 711 / Menard, IL 62259-9998 / Telephone: (618) 826-5071 / TDD: (800) 526-0844

9L-3-38

## M E M O R A N D U M

DATE:        3/22/06

TO:        **Moore    b26374** 

FROM:        Tyone Murray
Grievance Officer

SUBJECT:        Grievance Follow-Up    # 72-3-06

Inmate grieves that he has been having constant headaches and a lower back pain due to an injury, which occurred on 12/19/05 at a DHS facility. He notified the doctor at Menard of his condition and of where the x-rays were taken. He also told him that he had received muscle relaxers and Motrin for the injuries. The doctor told him that while in the custody of IDOC he could not be prescribed muscle relaxers and he also refused to prescribe him Motrin. He was given Tylenol. The prescription ran out. He had informed the Doctor that Tylenol does not work for the lower back injury but works for the constant headaches. He has not been given muscle rub, Motrin, egg mattress, lower bunk permit or any treatment at all. Inmate feels he has been simply disregarded. The doctor never even took x-rays or an MRI. Inmate does not feel he should submit to another sick call for the same medical conditions where he did not receive quality medical attention and why pay another $2.00 co-pay. Inmate request to receive proper medical treatment, medication free of $2.00 co-payment charge for the constant headaches and lower back injury and that his medical record from IDHS be sent.

According to Pam Grubman, R.N. Health Care Unit Administrator Offender Moore R&C at Stateville NRC 12/27/05, physical examination on 1/4/06 failed to report any injury or problem. Health Status report from NRC to Menard on 1/9/06 indicates routine health care and offender did not report any physical problem to the nursing staff. Based on his complaint of back pain during sick call 1/18/06-medical evaluation was completed on 1/23/06. Nothing in the records received from NRC reflects an encounter with the TACT Team at Stateville. Per the grievance-injury occurred at a different facility outside of IDOC. Follow up was completed on 2/13/06-offender reported relief with Tylenol. He was provided exercises. Physical examination was negative with free range of motion. Offender's medical issues has been appropriately addressed.

Recommendation-It is this writer's findings that IM's medical concerns are being addressed by the facility's health care staff; therefore, I recommend grievance be denied. If inmate has any further Medical  concerns he needs to submit a request slip to HCU to have them addressed. Per AD 04.03.103 on Offender Health Care Services, At the time of the non-emergency evaluation, the offender shall be required to sign a Request for Payment, DC 828, authorizing the deduction of the co-pay from present or future funds in his or her trust fund account.  If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his satisfaction, he may appeal in writing to the Director within 30 days after the date of the decision.

Tyone Murray, Grievance Officer

_____✓_____CONCUR

_____DO NOT CONCUR

Alan Uchtman, Warden

3/24/06
Date

**State of Illinois**
**Department of Human Services**
**TDF RESIDENT GRIEVANCE**

| Name of Resident: *Allen L. Moore* | ID# *864974* | Date of Incident Occurrence: ~~————~~ *12/19/05 Continuance* |
|---|---|---|

| Date Received by Administration: | Grievance #: |
|---|---|

### Nature of Grievance

☐ Personal Property   ☒ Staff Conduct (Attempt to Resolve)   ☐ Mail Handling   ☐ Meals   ☐ Medical   ☒ Other (specify):_____

☐ Disciplinary Report:   Date of Report_____   **(Attach copy of Notice of Appearance Before The Behavior Committee and Behavior Committee Decision, then forward to the Grievance Examiner.)**

Use only this form to give a BRIEF Summary of Grievance: *Violation of Equal Protection - 59 Il. Admin Code 299.700, Violation of Due Process - Denial of Access to court, Denial of Access to Attorney, Denial of Access to Family, Discrimination.*

*Since 12-19-05 the Behavior Committee Clinical Director Jumper, Act ACD L. Chankin Director of Security Sanders and Acting Facility Director Monahan have denied myself access to family both in writing and by phone; have denied myself access to my Attorney both in writing and by phone, and access to court.*

*The above mentioned persons have denied myself the following items (pen, paper, pencil). The same individuals are in violation of 59 Il. Admin. Code, section 299.700 (a) Residents in SMS confinement shall be permitted personal property as ~~————~~ allowed and ordered by the Program Director for safety & security reasons: There is not safety or security issue to justify the denial of access to Attorney or access to the court or family.*

*Section 299.700 (b) Commissary privileges comparable to those applicable to the general population shall be allowed, except for restrictions on certain items that may be ordered by the Program Director for safety + security reasons: I have been denied all commissary privileges in violation of this subsection.*

*Section 299.700 (J) Residents in SMS confinement shall have the same mail privileges as those provided for other residents. I have been denied myself access mail privileges by the named individuals when they denied myself access to a pen, paper, envelopes, stamps to send out going mail in direct violation of this ~~————~~ subsection. Section 299.700 (K) Residents in SMS confinement shall be permitted reading materials. I have been denied this by Rec. Therapist not inquiring if I wished to receive reading materials; and by the Clinical staff failure to do so. The named*

**Relief Requested:**

*The named individuals adhere to title 59 and they stated they do in the Hargett Case and other cases that where pending in the federal court and/or still pending. That all my personal property be*

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Resident Signature: *Allen L. Moore* | Date: *12/25/05* |
|---|---|

L462-5001 (R-4-04)      **Distribution: Master File; Resident**

*Continued to Page 2 of 2*

**DHS**

State of Illinois
Department of Human Services
**TDF RESIDENT GRIEVANCE**

Exhibit A-3

| Name of Resident: Allen L. Moore | ID# 864976 | Date of Incident Occurrence: 12/19/05 Continuance |
|---|---|---|

| Date Received by Administration: | Grievance #: |
|---|---|

**Nature of Grievance**

☐ Personal Property  ☒ Staff Conduct (Attempt to Resolve)  ☐ Mail Handling  ☐ Meals  ☐ Medical  ☒ Other **(specify):**_____

☐ Disciplinary Report:  Date of Report_____  **(Attach copy of Notice of Appearance Before The Behavior Committee and Behavior Committee Decision, then forward to the Grievance Examiner.)**

Use only this form to give a BRIEF Summary of Grievance: *individuals is also in direct violation of this subsection.*

*Furthermore, the named individual's have violated my State & Federal Constitutional Rights namely Denial of Equal Protection Discrimination and Violation of Due Process when my personal property was taken away by force without being given Advance Notice of any Rule Infractions Prior to a Behavior Committee Hearing and Prior to a Behavior Committee Decision.*

Relief Requested: *Returned to me, And be provided with pen, paper, pencil, writing paper, envelopes and stamps, Also commissary privileges.*

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Resident Signature: _Allen L. Moore_  Date: _12/25/05_

IL462-5001 (R-4-04)  **Distribution: Master File; Resident**



**DEPARTMENT OF
HUMAN SERVICES**

**Illinois Department of Human Services**

**TREATMENT AND
DETENTION FACILITY**

## NOTICE OF APPEARANCE BEFORE THE BEHAVIOR COMMITTEE

**Resident:** __Moore, Allen__          **DHS#** __864976__

**Date and Time of Incident:** __12-19-05__     __Approximately 2:20pm__

**Nature of Incident/Potential Rule Violation:** __On the above date and approximate time,__
__resident Moore refused a roommate and refused to turn over to staff his electronics.__

This notice is to inform you that the Behavior Committee will be meeting to review the incident
mentioned above. This meeting is scheduled to occur on **12-21-05** or later, between the hours of
**10:00 AM** and **12:00 PM**.

You will be contacted by security staff during this time frame. You will be asked if you wish to
appear before the Behavior Committee. Attendance at a Behavior Committee meeting is
optional. If you do plan to attend, please be prepared to appear when called to do so. You may
present written documentation (i.e.: your own account of incident, witness statements, etc.) and
discuss the circumstances surrounding this incident. Upon determination that a resident has
violated a rule, the Behavior Committee shall determine appropriate management status,
determine appropriate treatment recommendations, impose behavioral restrictions or any
combination thereof.

My signature below indicates that I have received notification of my scheduled appearance before
the Behavior Committee.

_____          12-20-05
Resident Signature                         Date

_____          12-20-05
Staff Signature                            Date

Date Notified:__12-20-05__          Time Notified:__8:40 am__

ILLINOIS DEPARTMENT OF HUMAN SERVICES
TREATMENT & DETENTION FACILITY

# BEHAVIOR COMMITTEE MEETING
# INITIAL

NAME: Moore, Allen          DHS#: 864976          ATE OF INITIAL MEETING: 12/21/05

DATE OF ADMISSION: 7-12-05     MANAGEMENT STATUS: Temp Special (Int C)     PRIMARY THERAPIST: Taylor

Date Of Event: 12-19-05     Approximately 2:20pm

Description Of Event: On the above date and approximate time, resident Moore refused a roommate and refused to turn over to staff his electronics.

Resident Addressed Behavior Committee: Yes/No     Received 24 hour notification: Yes/No.     Waived notification Yes/No/NA

Resident Comments: Rst. Moore only briefly attended the meeting. He indicated that he only wanted to delive a written statement to the committee and after dropping off this statement, he elects to leave and declines requests to remain and speak w/ this committee about the incident.

Behavioral History for the past six month: 8-11-05 Violation of Rules - Minor;

Determination Of Rule Violation: Major - Refused Housing & Refused staff directives & _____ (error) to. Threats and intimidation

Treatment Recommendation (if none, reason): Discuss w/ Primary and _____ unit staff regarding options for rooming arrangements.

Committee Decision: Major Rule Violation - Maintain on Temp. Special and reassess level or risk at a future BCH committee meeting.

SIGNATURES: S. ___          TITLES: Team Lead
                                              Team Lead
                                              Executive II

DATE OF REVIEW: 12/23/05

cc: Primary Therapist, Facility Director, Clinical Director, Associate Clinical Director; Security Director, Secure Management Log, Unit Directors, Vocational Director, Administrator On Duty and Resident